In the Matter of the Claims of JAMES E. McCARTHY and the COMMISSIONER OF TAXATION AND FINANCE, Arising out of the Death of JAMES McCARTHY, Respondents, against ROONEY REALTY Co. et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal from a decision and award of the Workmen's Compensation Board in a death case. The decedent was sixty-eight years of age. He had retired from business but had taken on part-time work as a salesman for the defendant employer, a real estate brokerage company. On Sunday afternoon, he left his home with the intention of stopping downtown for dinner and then going on to inspect a house which had been listed with his employer for sale. The decedent did not have an appointment to meet anyone at the house and he was not under an obligation to visit the house that afternoon or at any other particular time. He worked as a real estate salesman only part-time; he had no definite hours; he had earned only $292 in this employment the preceding year. He parked his car in front of the restaurant where he intended to have dinner and while walking toward the restaurant entrance, he slipped on the icy sidewalk and fell and suffered the injuries which resulted in his death. The referee found that the decedent was not engaged in the course of his employment and dismissed the claim. No appeal to the board was taken by the decedent's son but, in accordance with the general practice under which all disallowed death claims, where there are no dependents, are automatically referred to the board, this case was referred to the board, and on its own motion, the board reviewed the case and reversed the referee and made an award of payments totaling $2,000 to the Special Funds. The board also made an award to the decedent's son for two days' disability and for funeral expenses, despite the statement of his attorney before the referee that he felt that " the action should be discontinued on the basis of the past decisions indicating that a person proceeding to eat is not normally covered by the Workmen's Compensation Act." There was no substantial evidence to support the board's conclusion that the accident suffered by the decedent arose out of and in the course of his employment. Decision and award reversed and the claim dismissed, with costs to the appellants against the Workmen's Compensation Board. Foster, P. J., Bergan, Coon, Halpern and Imrie, JJ., concur.